[791 NYS2d 412]

In the Matter of WAYNE A. HAGENDORF, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 24, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Wayne A. Hagendorf*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Wayne A. Hagendorf was admitted to the practice of law in the State of New York by the First Judicial Department on July 20, 1992. Respondent is also admitted to the bar in California, Florida and Washington, D.C. In 1999, he was admitted to practice in Nevada, where at all relevant times herein, he has practiced law.

By a letter dated December 5, 2003 and addressed to the New York State Court of Appeals, respondent, pro se, informed the Court of his being sanctioned in Nevada for misconduct involving, inter alia, abuse of process, factual misrepresentations knowingly made to a court, and the attempted conversion of another's property. Respondent also opposed the imposition of reciprocal discipline in New York and requested that if the bar was considering the imposition of sanctions, that a formal hearing be held before any discipline was imposed. The Court of Appeals provided the letter to this Court where it was considered in relation to the reciprocal discipline petition.

The Nevada proceeding had been resolved by entry of a stipulation between respondent and the state bar wherein respondent pleaded guilty to violating five disciplinary rules in exchange for receiving as sanctions a five month suspension with all but 60 days stayed, and was directed to make restitution in the sum of $25,000 to the victim,* a lessor of office space whom respondent sought to retaliate against for evicting him. The plea agreement was part of a global settlement entered into in civil litigation. The Departmental Disciplinary Committee (the Committee) then petitioned this Court for an order, pursuant to the doctrine of reciprocal discipline, finding respondent guilty of professional misconduct and suspending respondent for five months with all but 60 days to be stayed, predicated upon the similar discipline issued by the Supreme Court of Nevada or, in the alternative, sanctioning respondent as this Court deemed appropriate.

In an order entered October 15, 2004, this Court granted the petition to the extent of finding respondent guilty of profes-

---

* Respondent has already satisfied all conditions of his Nevada suspension including making restitution, as ordered, and not engaging in the practice of law for 60 days, November 27, 2003 through January 27, 2004.

sional misconduct in that he violated Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7), DR 7-102 (a) (5) and DR 7-106 (c) (5) (22 NYCRR 1200.3, 1200.33, 1200.37), and directed a hearing before a referee, "limited solely to the issue of the sanction to be imposed upon respondent within 90 days from the date of this order." We noted in the order that "respondent pro se having previously requested, in a letter dated December 5, 2003, inter alia, the conduct of a formal hearing before the imposition of any discipline."

Respondent now moves to reopen the record of the reciprocal discipline proceeding to permit him to submit an affirmation in response. Respondent explains that he never received a copy of the Committee's reciprocal discipline petition and, therefore, never had an opportunity to submit a response. If he had, he states that he would have consented and stipulated to being issued the same discipline in New York as that which was issued in Nevada. Thus, respondent requests, in the interest of judicial economy, that this Court reopen the record, accept his current affirmation in response, and grant reciprocal discipline, thereby rendering moot the need for a reference as to sanction.

This Court is in agreement with respondent's request and the Committee's concurring response. The policies favoring judicial economy and the paramount interest of the jurisdiction where a respondent lives and practices law in his professional discipline are dispositive here. As the policy of this Court is not to stay suspensions, a five month suspension is the closest cognizable sanction under this Court's rules. Accordingly, the motion should be granted, the matter reopened, respondent's affirmation in response accepted into the record, and reciprocal discipline imposed, to the extent of suspending respondent for a period of five months.

TOM, J.P., SULLIVAN, ELLERIN, NARDELLI and WILLIAMS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of five months, effective April 25, 2005, and until further order of this Court.