[832 NYS2d 175]

In the Matter of JAMES O. ROBERSON, JR. (Admitted as JAMES OLIVER ROBERSON, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 15, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent James O. Roberson, Jr. was admitted to practice law in New Jersey in 1986 and in the State of New York by the Second Judicial Department on March 18, 1987. At all times relevant to this proceeding he maintained a law office within this Department (22 NYCRR 603.1), but has been delinquent in his New York attorney registration since 1999.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.3, suspending respondent for a period of six months, predicated upon a suspension issued by the Supreme Court of New Jersey or, alternatively, an order sanctioning respondent as this Court deems appropriate. Respondent has not appeared in this proceeding.

The suspension in New Jersey was based upon respondent's misconduct in connection with his representation of two individuals in a refinancing of their mortgage. According to the Supreme Court of New Jersey, although respondent represented both the mortgage company and the borrowers, he had no contact with the borrowers prior to the closing and paid the mortgage broker a fee to attend it on his behalf. The broker conducted the closing at the borrowers' home, because they were disabled, where they executed the loan documents. The borrowers allege that the documents had many blank spaces, including one which specified the rate of interest to be paid. A week later when they received copies of the documents the borrowers discovered that the interest rate was listed as 9.625% for a 30-year term rather than the agreed upon rate of 6.8% for a 15-year term. They also allege that some of their signatures on the documents were not authentic and that all of the documents were dated June 30, 1999 when the closing actually took place July 2, 1999. This is significant because the borrowers signed a document which waived their right to rescind the transaction unless it was rescinded within 72 hours of the closing. Respondent did not record the mortgage until some five months after the closing and only did so when he was contacted by an attorney who had been retained by the borrowers in regard to the issues raised by this transaction.

For his efforts respondent took $1,495 from the loan proceeds as his fee. After fee arbitration he was directed to return $1,360 of that fee.

The Supreme Court of New Jersey found that respondent had engaged in conduct constituting gross neglect in that he failed to communicate with clients, charged excessive fees and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. Respondent fully participated in the proceedings in New Jersey and was represented by counsel.

The only defenses that can be raised in a reciprocal disciplinary proceeding are (1) lack of notice or opportunity to be heard in that proceeding, (2) a clear infirmity of proof establishing the misconduct in the foreign jurisdiction and (3) the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction (22 NYCRR 603.3 [c]). None have been raised by the respondent or would otherwise apply.

First, respondent fully participated in all of the proceedings in New Jersey, thus establishing proper notice and due process. Further, there was substantial evidence to establish the misconduct. Finally, respondent's misconduct constitutes misconduct in New York and violations of its disciplinary rules (*see* Code of Professional Responsibility DR 6-101[a] [3] [22 NYCRR 1200.30 (prohibiting a lawyer from neglecting a legal matter entrusted to that lawyer)]; DR 2-106 [22 NYCRR 1200.11 (prohibiting a lawyer from charging or collecting an excessive fee)]; DR 1-102 [a] [4] [22 NYCRR 1200.3 (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit and misrepresentation)]).

Therefore, giving deference to the sanction imposed by the Supreme Court of New Jersey (*Matter of Schlem*, 308 AD2d 220, 222 [2003]; *Matter of Reiss*, 119 AD2d 1, 6 [1986]), respondent should be suspended for six months.

Accordingly, pursuant to 22 NYCRR 603.3, the Committee's motion should be granted, and respondent suspended from the practice of law in the State of New York for a period of six months, and until further order of this Court.

TOM, J.P., ANDRIAS, FRIEDMAN, CATTERSON and KAVANAGH, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of six months, effective the date hereof and until further order of this Court.