[6 NYS3d 473]

In the Matter of LEROI J. ANDREWS (Admitted as LEROI JOHN ANDREWS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 23, 2015

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Spodek Law Group P.C.,* New York City (*Todd Spodek* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Leroi John Andrews was admitted to the practice of law in the State of New York by the First Judicial Department on February 5, 1990. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On August 5, 2013, respondent pleaded guilty in Criminal Court, Bronx County, to failing to file an income tax return for the calendar year 2007, in violation of Tax Law § 1801 (a), a class A misdemeanor. On the same day, respondent was sentenced to a one-year conditional discharge and paid $68,518 in tax penalties and interest.

Upon motion of the Departmental Disciplinary Committee, this Court deemed respondent's conviction a "serious crime" and referred the matter for a sanction hearing.

Respondent, a native of the West Indies, worked for the New York City Law Department from 1994 until 2001, at which time he left to start a law firm. Since 2014, he has been a solo practitioner in the Bronx.

Respondent admitted that he failed to timely file his federal and New York State personal income tax returns, and to pay the applicable taxes, for the years 2004 through 2012. By way of explanation, he testified that, beginning in 2004, his attention was focused on providing financial assistance to his mother, who suffered from Alzheimer's disease and had lost her home as a result of Hurricane Ivan. Further, in 2008, respondent contributed $20,000 to help his sister with a struggling catering business.

Respondent did not take steps to address his tax debt until informed by the New York State tax authorities in 2012 that he was under investigation. At that point, he retained counsel, as well as an accountant to prepare and file his delinquent returns.

The Hearing Panel recommended a five-month suspension and reinstatement conditioned on submission of proof that respondent has entered into agreements with the IRS and New York State tax authorities to repay the remaining back taxes. The Panel noted that respondent "appeared to be a decent person, whose shame and remorse was very evident . . . [h]e has helped family members, and friends financially in times of need. In particular, the Respondent gave significant financial support to his mother and sister at times of urgent financial stress." The Panel further noted that respondent had dealt with the case "honorably and responsibly," cooperating with the investigation and agreeing to make a significant restitution payment at the time of sentencing.

The Committee now petitions for an order confirming the Hearing Panel's findings of fact and conclusions of law and imposing whatever sanction this Court deems appropriate under the circumstances.

We find, under the circumstances, that a three-month suspension, conditioned on entering into an agreement with the IRS and New York State tax authorities, is an appropriate sanction (*see e.g. Matter of Bernfeld*, 117 AD3d 26 [1st Dept 2014]). While respondent's misconduct was protracted, it was nonvenal and mitigated by his unblemished 25-year legal career and the financial pressures resulting from his late mother's and sister's situations. Respondent has accepted responsibility for his conduct; he has paid over $60,000 in restitution; and he is "desperately" trying to make arrangements to resolve his tax debt.

Accordingly, the Committee's petition should be granted, the Hearing Panel's findings of fact and conclusions of law should be confirmed, the Panel's recommended sanction of a five-month suspension be disaffirmed, and respondent should be suspended from the practice of law for a period of three months, with respondent's affidavit submitted pursuant to 22 NYCRR 603.14 (a) (1) to include documentary proof that respondent has entered into agreements with the IRS and New York State tax authorities to repay his outstanding tax debts.

GONZALEZ, P.J., TOM, ACOSTA, SAXE and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective 30 days

from the date hereof and until further order of this Court, as indicated.