[29 NYS3d 26]

In the Matter of DIARMUID Y. HOUSTON (Admitted as DIARMUID YAPHET HOUSTON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 31, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Diarmuid Y. Houston*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Diarmuid Y. Houston was admitted to the practice of law in the State of New York by the First Judicial Department on November 20, 2006 under the name Diarmuid Yaphet Houston. He is delinquent in his registration with the New York State Office of Court Administration (OCA). In 2012, respondent was admitted to practice law in Oregon, where he maintained an office. His last registered address in New York is within the First Department.

By order and opinion dated August 13, 2015, the Oregon State Bar Disciplinary Board suspended respondent for 150 days (five months) for failing to communicate with his client in violation of Oregon Rules of Professional Conduct (RPC) rule 1.4 (a); failing to respond to his client's requests for an accounting of her retainer and the return of her documents in violation of Oregon RPC rule 1.15-1 (d); failing to withdraw from his representation of his client, after being administratively suspended on October 16, 2013 for failing to pay his Professional Liability Fund assessment, in violation of Oregon RPC rule 1.16 (a) (1); failing to notify his client of his administrative suspension, in violation of Oregon RPC rule 1.16 (d); and failing to cooperate with a disciplinary investigation in violation of Oregon RPC rule 8.1 (a) (2).

The findings of misconduct arise from respondent's representation of a client who retained him in September 2013 to pursue a claim against her former employer. The client paid a $2,500 retainer and provided respondent with documents in support of her claim. Although respondent sent a demand letter to the former employer on September 27, 2013, he took no further substantive action on the client's behalf and failed to respond to at least nine emails from the client inquiring about the status of her case. When respondent was administratively suspended in October 2013, he did not notify the client of the suspension or withdraw from representing her.

In February 2014, the client discharged respondent and demanded the return of her documents and an accounting of her retainer. Respondent did not respond and the client filed a complaint with the Oregon State Bar's Client Assistance Office (CAO). Two letters sent by the CAO to respondent at his registered address, which requested that he answer the client's complaint, were returned as undeliverable.

In April 2014, the CAO referred the complaint to the Oregon State Bar Disciplinary Counsel's Office (DCO). DCO sent a letter to an apartment address for respondent which was returned as undeliverable. On April 15, 2014, DCO's returned letter, along with prior correspondence, was sent to the email address respondent had on file with the Oregon bar. Respondent did not respond to that email or to a follow-up email sent in May 2014.

In June 2014, DCO petitioned the Oregon Disciplinary Board Chairperson for an order administratively suspending respondent until he responded to DCO's inquiries. On July 3, 2014, the Chair entered the requested order.

In July 2014, in conjunction with attempts to personally serve respondent with a formal complaint, a DCO investigator confirmed through the Oregon Drive and Motor Vehicle Services Division that respondent's Portland address was still his address of record, and that it had been updated as recently as July 3, 2014. On July 30, 2014 the Oregon bar filed a formal complaint against respondent charging him with five violations.

In August 2014, the investigator visited the address confirmed by the Driver and Motor Vehicle Services Division and called the telephone number associated with the apartment, leaving two message on a voice mail which stated that she had reached respondent's law office. The investigator later followed up with another call.

In September 2014, the Oregon bar moved for permission to serve respondent by publication, which was granted in October 2014. In November 2014, notice of the charges against respondent was published for four consecutive weeks. Respondent did not answer the formal complaint, which was assigned to a Trial Panel of the Disciplinary Board.

On January 13, 2015, the Trial Panel Chair issued an order of default against respondent and deemed the factual allegations true. On January 25, 2015, the Chair advised the parties, in writing, that they could, inter alia, request a hearing as to whether the factual allegations established a violation of the Oregon RPC, and the appropriate sanction. Respondent did not respond. The Trial Panel found there was clear and convincing evidence of four of the five violations. It also found that respondent's failure to communicate with the client, to provide her with an accounting of her retainer, and to return her documents, caused her actual injury, and that his failure to cooper-

ate with the Oregon bar's investigation resulted in actual injury to the public and to the legal profession. Considering, inter alia, mitigating and aggravating factors, the Trial Panel concluded that a 150 day suspension was the appropriate sanction.

The Departmental Disciplinary Committee (Committee) moves, pursuant to Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, for an order imposing reciprocal discipline upon respondent in the form of a five month suspension, or, in the alternative, imposing whatever discipline this Court deems appropriate. The Committee served respondent with its petition at his last registered address in New York, his registered address with the Oregon bar, and his address of record with the Oregon Driver and Motor Vehicle Services Division. Respondent has not submitted a response.

Pursuant to 22 NYCRR 603.3 (a), an attorney "who has been disciplined in a foreign jurisdiction, may be disciplined by this court because of the conduct which gave rise to the discipline imposed in the foreign jurisdiction." Defenses to reciprocal discipline are limited to those enumerated in 22 NYCRR 603.3 (c), namely: (1) a lack of notice or an opportunity to be heard in the foreign jurisdiction; (2) an infirmity with the proof establishing misconduct in the foreign jurisdiction; or (3) that the misconduct upon which the foreign discipline is premised does not constitute misconduct in this jurisdiction (see Matter of Stahl, 72 AD3d 218, 226 [1st Dept 2010]; Matter of Jarblum, 51 AD3d 68, 70-71 [1st Dept 2008]). The record evinces that none of the enumerated defenses preclude resolution of the instant petition in the Committee's favor.

The Oregon bar made multiple efforts to contact respondent at his addresses of record and at his registered email address. He was properly served with the bar's formal complaint by publication, and thereby advised of the allegations against him. Even after he defaulted and the factual allegations were deemed true, the Trial Panel Chair afforded him the opportunity to address the issues of whether findings of misconduct were warranted and an appropriate sanction. The Disciplinary Board's findings of misconduct, now final, are sufficiently supported by the record. Respondent's conduct in Oregon would also have violated rules 1.4 (a) (3) and (4), 1.15 (c) (3) and (4), 1.16 (b) (1) and (e) and 8.4 (d) of the New York Rules of Professional Conduct (22 NYCRR 1200.0).

In reciprocal proceedings, we generally accord significant weight to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct perpetrated therein (*Matter of Jaffe*, 78 AD3d 152 [1st Dept 2010]; *Matter of Supino*, 23 AD3d 11 [1st Dept 2005]). The sanction of a 150 day (five months) suspension prescribed by Oregon is not inconsistent with the sanction for similar misconduct in this jurisdiction (*Matter of Sirkin*, 77 AD3d 320 [1st Dept 2010]; *Matter of Roberson*, 40 AD3d 69 [1st Dept 2007]; *Matter of Gilbert*, 268 AD2d 67 [1st Dept 2000]).

Accordingly, the Committee's petition for reciprocal discipline should be granted and respondent suspended from the practice of law in the State of New York for a period of five months, effective immediately, and until respondent's compliance with the registration requirements and until further order of this Court.

TOM, J.P., FRIEDMAN, SWEENY, RENWICK and ANDRIAS, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of five months, effective the date hereof, and until further order of this Court.