[53 NYS3d 643]

In the Matter of STEVEN C. BARTLEY, an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 11, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Norma I. Melendez* of counsel), for petitioner.

*Ramon W. Pagan,* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Steven C. Bartley was admitted to the practice of law in the State of New York by the Second Judicial Department on February 3, 1988. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In 2016, the Attorney Grievance Committee (Committee) brought charges against respondent alleging violations of Rules of Professional Conduct (RPC) (22 NYCRR 1200.0) rules 1.1 (a), 1.3 (a) and (b), 1.4 (a) (3) and (4), 1.8 (h) (1) and (2), and 8.4 (h), based on complaints from three clients and on respon-

dent's failure to pay state and federal income taxes for five years. Respondent did not submit an answer and admitted the material facts and charges in a prehearing stipulation. After a hearing was conducted, a Referee sustained all 11 charges and recommended that respondent be suspended for three months.

The Committee now seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 (b) (1), confirming the Referee's findings of fact, conclusions of law, and recommendation that the sanction of a three-month suspension be imposed. Respondent has not submitted a response. For the reasons explained below, we now confirm the Referee's report in full, including the recommendation of a three-month suspension.

As to the three disciplinary complaints filed by clients, first, in or about 2013, a client retained respondent to represent her after she was denied unemployment benefits. Initially, respondent successfully overturned the denial of benefits at a hearing before an administrative law judge (ALJ). However, upon the employer's appeal, the New York State Unemployment Insurance Board reversed the ALJ's decision after respondent failed to submit timely opposition papers. Accordingly, the Referee correctly found that respondent violated RPC rules 1.1 (a), 1.3 (a) and (b), and 1.4 (a) (4) by neglecting the client's matter, failing to act with reasonable diligence or to provide competent representation, and failing to promptly comply with his client's reasonable requests for information.

Second, in 2014, a client retained respondent to represent her in an uncontested divorce and paid him a retainer fee of approximately $1,270. Respondent purchased an index number and filed a summons with notice, but failed to take further action on the matter or respond to the client's requests for copies of the documents he had filed with the court. After the client filed a complaint with the Committee, respondent fully refunded her legal fee and explained that he was preoccupied with other matters. The Referee correctly found that respondent violated RPC rules 1.3 (a) and (b) and 1.4 (a) (4) by neglecting the client's matrimonial matter, failing to act with reasonable diligence, and failing to promptly comply with his client's reasonable requests for information.

Third, in December 2013, respondent was retained by a client to file a chapter 7 bankruptcy proceeding but failed to do so. After the client filed a disciplinary complaint against him, respondent submitted a letter to the Committee stating that he

and the client had settled their dispute, along with a document entitled "Attorney Release from Liability," signed by the client, in which, in exchange for a full refund of $750, she withdrew her disciplinary complaint and released him from any legal malpractice claim. Respondent conceded that he failed to advise the client to consult with independent counsel before signing the release. Although the Referee did not find that respondent neglected the client's matter, because the client did not provide the required documentation to file for bankruptcy relief, the Referee correctly found that respondent violated RPC rules 1.4 (a) (3) and 1.8 (h) (1) and (2) by failing to keep the client reasonably informed about the status of her bankruptcy matter and failing to advise her to consult with independent counsel before she signed the release.

As to respondent's tax delinquency, respondent admitted at his deposition that he had neither filed personal income tax returns nor paid income taxes for the 2011 through 2015 tax years. Respondent averred that he currently owed New York State approximately $3,000 in back taxes and could not recall the amount of his federal tax debt. Accordingly, the Referee correctly found that respondent's failure to file personal income tax returns and pay taxes for five years adversely reflected on his fitness as a lawyer, in violation of RPC rule 8.4 (h).

In mitigation, respondent introduced 11 character letters, apologized for his misconduct, asserted that much of his law practice is devoted to pro bono work, and attributed his misconduct to delayed payment of what were very modest legal fees, procrastination on his part, and the demands of maintaining a solo practice.

However, in reply, the Committee asserts that respondent was previously admonished on two occasions, first in 1994 for neglecting a collection matter, and again in 2000, for neglecting a Family Court matter and failing to promptly refund an unearned fee.

We agree with the Referee that a three month suspension appropriately balances respondent's acceptance of responsibility for his misconduct and cooperation with the Committee, along with his assertion that much of his law practice is devoted to pro bono work, against his violation of multiple Rules of Professional Conduct after previously receiving two admonitions, and his admitted tax delinquency (see Matter of Andrews, 128 AD3d 197 [1st Dept 2015]; Matter of Johannes, 66 AD3d 39 [1st Dept 2009]).

Accordingly, the Committee's motion should be granted, the Referee's findings of fact and conclusions of law confirmed, and respondent suspended from the practice of law in the State of New York for a period of three months, and until further order of this Court.

FRIEDMAN, J.P., ANDRIAS, FEINMAN, KAPNICK and GESMER, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three months, effective June 12, 2017, and until further order of this Court.