Matter of Bradshaw (2019 NY Slip Op 01191)





Matter of Bradshaw


2019 NY Slip Op 01191


Decided on February 19, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,Justice Presiding,
Troy K. Webber
Jeffery K. Oing
Anil C. Singh
Peter H. Moulton,Justices.


M-6545

[*1]In the Matter of Kathleen R. Bradshaw, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Kathleen R. Bradshaw, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Kathleen R. Bradshaw, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 15, 1992.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kelly A. Latham, of counsel), for petitioner.
Marvin Ray Raskin, Esq., for respondent



PER CURIAM


Respondent, Kathleen R. Bradshaw, was admitted to the practice of law in the State of New York by the Second Judicial Department on April 15, 1992. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.
By joint motion dated December 18, 2018, the Attorney Grievance Committee (AGC) and respondent ask this Court, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.8(a)(5), to suspend her from the practice of law for a period of three months based upon the stipulated facts and consent of the parties.
For the reasons set forth below, we now grant the motion to the extent of suspending respondent from the practice of law for a period of three months.
Pursuant to 22 NYCRR 1240.8(a)(5)(i) and (iii), a motion for the imposition of discipline by consent must be supported by a joint affirmation which contains a statement of facts, conditional admissions, factors in aggravation and mitigation, and agreed upon discipline, as well as an affidavit by respondent acknowledging admission to the stipulated facts, consent to the agreed upon discipline, which has been freely and voluntarily given, and full awareness of the consequences of such consent.
The parties' submission conforms to the above procedural requirements. The parties stipulate to the following facts:
On January 31, 2018, respondent, a sole practitioner, pleaded guilty in Supreme Court, Bronx County, to, inter alia, criminal tax fraud in the fifth degree in violation of New York State Tax Law § 1802, a class A misdemeanor, for intentionally failing to file a personal income tax return for New York State for 2011, acknowledging that she had an unpaid tax liability that year and that, as such, she was required to file a tax return.
On February 20, 2018, respondent was sentenced to a one-year conditional discharge and was ordered to pay $34,600 in restitution to the New York State Department of Taxation and Finance, which amount represented her unpaid tax debt, including interest and penalties, for the tax years 2009 through 2011. Respondent paid the $34,600 at the time of her sentencing.
By unpublished order entered August 22, 2018, this Court deemed respondent's tax conviction a "serious crime" under Judiciary Law § 90(4)(d) and 22 NYCRR 1240.12(c)(2) and referred the matter for a sanction hearing.
Respondent now conditionally admits that her conduct, as set forth above, violated the New York Rules of Professional Conduct in that she stands convicted of a "serious crime" and, therefore, is subject to discipline by this Court.
The parties have stipulated to the following aggravating factors: respondent failed to promptly advise this Court and the Committee of her conviction (Judiciary Law § 90[4][c], 22 NYCRR 1240.12[a]); although she pled guilty to failing to file only one tax return, she failed to timely file her New York State personal income tax returns for three years, namely, the 2009 through 2011 tax years, and took no steps to file her delinquent returns, nor pay the taxes due, until after she was criminally charged; and she was previously admonished in 2011 for neglect by failing to procure tax abatements on two separate occasions for properties owned by her client and for failing to cooperate with the AGC's investigation in a timely manner.
Under 22 NYCRR 1240.8(b)(2) and the ABA Standards for Imposing Lawyer Sanctions, certain factors may be considered in mitigation, and the parties have stipulated to the following mitigating factors: there have been no complaints against respondent since the incidents underlying her conviction occurred; respondent's misconduct did not involve the misuse or misappropriation of client funds, nor any unjust enrichment therefrom; during the period at issue, due to her spouse's job loss, respondent was the sole provider for her family of four and she earned a gross income of $80,000 or less; her misconduct did not adversely impact any client; she fully cooperated with tax authorities, the criminal justice system, and the AGC; and she has fully paid her tax debt to New York State, including interest and penalties. In addition, respondent fully recognizes the seriousness of her misconduct, takes full responsibility and is sincerely remorseful for it; given the severe penalties she has suffered and her level of remorse, there is little likelihood that her tax related misconduct will recur; she is well regarded in the [*2]legal community and has an excellent reputation for the character traits of integrity and diligence which is demonstrated by the character references she has submitted from colleagues and a former judge; and she has served as a pro bono small claims arbitrator for the past five years.
In support of the agreed to sanction, the parties rely on: Matter of Bartley (151 AD3d 1 [1st Dept 2017]); Matter of Schnall (146 AD3d 81 [1st Dept 2016]) Matter of Andrews (128 AD3d 197 [1st Dept 2015]); Matter of Racht (120 AD3d 156 [1st Dept 2014]).
This Court grants the parties' joint motion for discipline by consent in consideration of the offending conduct, the factors presented in mitigation and aggravation, and the cases relied upon, which support a conclusion that a three-month suspension is a reasonable punishment under the circumstances of this case.
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent is suspended from the practice of law in the State of New York for a period of three months, and until further order of this Court.
All concur.
Order filed. [February 19, 2019]
The parties' joint motion for discipline by consent is granted, and respondent is suspended from the practice of law in the State of New York for a period of three months, effective, March 21, 2019, and until further order of this Court.