Matter of Bratter (2019 NY Slip Op 06880)





Matter of Bratter


2019 NY Slip Op 06880


Decided on September 26, 2019


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, Sallie Manzanet-Daniels, Judith J. Gische, Barbara R. Kapnick, Marcy L. Kahn, Justices.


M-2356 CM2929

[*1]In the Matter of Benjamin P. Bratter, (admitted as Benjamin Peppercorn Bratter), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Benjamin P. Bratter, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Benjamin P. Bratter, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 19, 2003.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Remi E. Shea, of counsel), for petitioner.
Richard M. Maltz, Esq., for respondent.



PER CURIAM.


Respondent Benjamin P. Bratter was admitted to the practice of law in the State of New York by the First Judicial Department on March 19, 2003, under the name Benjamin Peppercorn Bratter. At all times relevant to this proceeding, he has maintained a law practice within the First Judicial Department.
In 2017, the Attorney Grievance Committee brought 23 charges against respondent alleging that he engaged in a pattern of, inter alia, neglect, misrepresentation, dishonesty, incompetent representation, and failure to communicate, while representing immigration clients, and failed to cooperate with the Committee's investigation. By unpublished order entered January 17, 2018, this Court deemed 18 of the charges established based on respondent's admissions in a joint stipulation of disputed and undisputed facts he entered into with the Committee and appointed a Referee to hear and report on liability with respect to the five contested charges and to recommend a sanction. In March 2018, the Committee brought three additional charges against respondent alleging, inter alia, lack of reasonable diligence and promptness and dishonesty in his representation of another immigration client, which respondent admitted by way of stipulation.
Respondent testified at the hearings on the contested charges and the sanction. He called his therapist as a mitigation witness, and introduced character letters.
By report, the Referee recommended that respondent be suspended for six months with the suspension stayed after three months upon conditions with respect to some of the charges and that he be admonished with respect to others.
The Committee now seeks an order affirming the Referee's findings of fact and conclusions of law and imposing such sanction as this Court deems appropriate under the circumstances. By cross motion, respondent requests that the Referee's report be affirmed in full, including his sanction recommendation.
The Referee's findings as to liability should be affirmed in full as respondent's misconduct is undisputed and amply supported by the record.
The Referee's uniquely fashioned sanction recommendation, for which he does not cite any precedent, is inappropriate given the particulars of this case, but more importantly, because "the policy of this Court is not to stay suspensions" (Matter of Hagendorf, 17 AD3d 25, 27 [1st Dept 2005]).
A one-year suspension is appropriate given the seriousness and breadth of respondent's misconduct, the aggravation (which includes two prior admonitions), and the mitigation (see e.g. Matter of Leavitt, 291 AD2d 37 [1st Dept 2002]). Respondent is further directed to enroll in and successfully complete the New York City Bar Association's Lawyer Assistance Program (LAP), which the Referee recommended and respondent is willing to attend.
Accordingly, the motion is granted to the extent of confirming the Referee's findings of fact and conclusions of law, disaffirming the sanction recommendation, and respondent should be suspended from the practice of law in the State of New York for a period of one year, and until further order of this Court, and respondent's cross motion should be granted only to the extent of confirming the Referee's findings of fact and conclusions of law.
All concur.
Order filed.[September 26, 2019]
The motion is granted to the extent of confirming the referee's findings of fact and conclusions of law and disaffirming the sanction recommendation, and respondent is suspended from the practice of law in the State of New York for a period of one year, effective October 28, 2019, and until further order of this Court. Respondent is directed to enroll in and successfully complete the New York City Bar Association's Lawyer's Assistance Program. Respondent's cross motion is granted only to the extent of confirming the referee's findings of fact and conclusions of law.