Matter of Kreis (2019 NY Slip Op 09117)





Matter of Kreis


2019 NY Slip Op 09117


Decided on December 19, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Sallie Manzanet-Daniels,Justice Presiding,
Troy K. Webber
Cynthia S. Kern
Jeffrey K. Oing
Anil C. Singh,Justices.


M-3787

[*1]In the Matter of Elizabeth S. Kreis (admitted as Elizabeth Susan Kreis), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Elizabeth S. Kreis, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Elizabeth S. Kreis, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 1, 1992.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Sean A. Branveen, of counsel), for petitioner.
Respondent, pro se.



PER CURIAM.


Respondent Elizabeth Susan Kreis was admitted to the practice of law in the State of New York by the First Judicial Department on June 1, 1992. At all times relevant to this proceeding, respondent maintained a registered address in Colorado, where she is admitted to practice and resides.
By order entered November 27, 2017, effective January 2, 2018, the Supreme Court of Colorado suspended respondent from the practice of law for a period of six months, with 90 days to be served and the remainder to be stayed, upon her successful completion of an 18-month period of probation with conditions, for, inter alia, charging an excessive fee and failing to communicate with a client in a matrimonial matter (People v Kreis, __ P3d __, 2017 WL 6506616, Colo. Discipl. LEXIS 119 [November 27, 2017]).
The Attorney Grievance Committee (Committee) now seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, suspending respondent from the practice of law for a period of six months, or, in the alternative, sanctioning respondent as this Court deems appropriate, based on her discipline in Colorado.
The facts are undisputed as respondent, represented by counsel, entered into a stipulation with the Colorado Supreme Court's Office of Attorney Regulation Counsel (OARC) in which she waived her right to a hearing, admitted to professional misconduct, and consented to the imposition of discipline.
In 2015, respondent was retained to represent the husband (client) in a divorce action. While respondent and the client orally agreed that he would pay her an initial retainer of $5,000 and thereafter she would bill him at a rate of $250 per hour, respondent failed to provide the client with a written fee agreement. In July 2015, the divorcing couple sold their house in Maui for approximately $500,000, the proceeds of which were held in respondent's attorney trust account along with revenue from the sale of other property. Prior to conclusion of the divorce action, the parties agreed to several distributions of those funds to each other to cover ongoing expenses. Out of such distribution, the client paid respondent $25,000 even though he had not yet received an invoice from her.
In August 2015, the divorce action was transferred to a different judge to conduct a permanent orders hearing which was scheduled for March 2016. Respondent believed that this particular judge was biased against her based on his rulings in litigation to which she was a party, and she told the client that she would have to withdraw as his counsel of record before the permanent orders hearing. In February 2016, respondent filed a substitution of counsel, substituting another attorney to replace her as the client's counsel of record. Even though respondent withdrew as counsel of record, she stayed on to assist with the case preparation. The client separately paid substituted counsel $20,000 to handle his case through the finalization of the court's orders subsequent to the permanent orders hearing.
While respondent and the client did not discuss whether she expected to be paid for work she completed after her withdrawal as counsel of record, they agreed she would continue assisting with exhibit and witness preparation until March 2, 2016, the date of the permanent orders hearing. Respondent ultimately charged the client for her post-withdrawal work.
On March 30, 2016, after the permanent orders hearing but before permanent orders were issued, respondent gave the client her first invoice, for a total of $128,512.50 in legal fees and $2,552 in costs. The invoice, which spanned 43 pages, did not provide sufficient detail and many entries read only "email." On April 8, 2016, the court issued permanent orders which provided that the remaining funds held in respondent's attorney trust account were to be disbursed within seven days as follows: $160,000 to the client's estranged wife and $160,485.49 to the client, plus any additional accrued interest. On April 14, 2016, respondent filed a charging lien against any marital property awarded to the client in the amount of $101,454.50. The charging lien did not state that respondent was refusing to distribute the proceeds in her attorney trust account according to the permanent orders, but the client and his counsel were aware that she was [*2]retaining the funds.
In June 2016, respondent referred the client's invoice for collection after fee mediation failed to produce a resolution. Respondent and the client ultimately attended fee arbitration to resolve their dispute. In the stipulation between OARC and respondent, she admitted that her conduct as described above violated Colorado Rules of Professional Conduct 1.4(a)(3) (a lawyer shall keep a client reasonably informed about the status of their matter); 1.4(b) (a lawyer shall explain a matter so as to permit the client to make informed decisions regarding the representation; 1.5(a) (a lawyer shall not charge an unreasonable fee or an unreasonable amount for expenses); 1.5(b) (a lawyer shall inform a client in writing about the lawyer's fees and expenses within a reasonable time after being retained, if the lawyer has not regularly represented the client); and 3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal).
On the issue of sanction, the parties cited the following aggravating factors as relevant: selfish motive; a pattern of misconduct; multiple offenses; and substantial experience in the practice of law. As to mitigation, the parties cited the following as relevant: absence of a prior disciplinary record; personal or emotional problems; full and free disclosure to disciplinary board or cooperative attitude toward proceedings; character or reputation; and remorse. Further, based on the applicable precedent, the parties agreed that "[w]here excessive fees are combined with a failure to communicate, it can often warrant suspension-level discipline."
As to the discipline imposed, respondent consented to a six-month suspension, with 90 days to be served and the remainder to be stayed upon her successful completion of an 18-month probation with conditions.
By order entered November 27, 2017, effective January 2, 2018, the Presiding Disciplinary Judge of the Supreme Court of Colorado approved the parties' stipulation and directed that respondent be disciplined in accordance therewith.
In the instant proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
The Committee maintains that none of the enumerated defenses to reciprocal discipline apply herein, therefore, the Committee requests that this Court impose an unconditional six-month suspension because, unlike Colorado's rules, this state's Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240 et. seq. do not provide for a stayed suspension with probation (Matter of Vohra, 303 AD2d 61, 63 [1st Dept 2003]; see also Matter of Basdekis, 142 AD3d 280, 284 [1st Dept 2016]; Matter of Hagendorf, 17 AD3d 25, 27 [1st Dept 2005]), and such sanction is in accord with this Court's precedent.
Respondent, pro se, requests that, if reciprocal discipline is granted, then a three-month suspension nunc pro tunc "to time served in Colorado" be imposed. Respondent, who avers that she has handled approximately 3,000 family law matters over her 27-year legal career, maintains that: she was unfairly "hounded" by the OARC for two years and was forced to forgo substantial legal fees in a complex matrimonial matter, as well as incurred over $60,000 in legal fees in her disciplinary matter; during the period at issue she was forced to defend herself and her company in litigation involving an office building she sold; her conduct in the matrimonial matter at issue occurred in the context of having to withdraw therefrom due to an alleged conflict with a judge assigned thereto who had ruled against her in the aforementioned litigation involving the office building she sold, a lack of assistance from successor counsel of record with trial preparation, and belated requests from her client for an itemized billing; she alleges improper conduct on the part of the OARC and her disciplinary counsel's failure to properly defend her; she is the parent of, and sole support for, a special needs child; as a result of her discipline, she will never again practice in Colorado because the risk of her not getting paid is too great; she claims this is the [*3]fourth jurisdiction which is disciplining her based on the matrimonial matter at issue; and the Colorado discipline dates back over a year and a half ago.
The Committee cites respondent's failure to invoke any of the enumerated defenses to reciprocal discipline, it reiterates its position that the requirements to impose such have been satisfied, and it again requests an unconditional six-month suspension. As to the circumstances alleged by respondent, the Committee argues that such should not be viewed as evidence of coercion or undue influence because respondent was represented by counsel, and she freely chose to enter into a stipulation with the OARC in which she admitted to professional misconduct and consented to the discipline imposed. The Committee takes no position with respect to respondent's request that any reciprocal discipline be made retroactive to the date of her discipline in Colorado and advises that respondent notified the Committee of her discipline in Colorado by December 5, 2017 letter in accordance with 22 NYCRR 1240.13(d).
While respondent has not raised any of the aforementioned defenses to this proceeding, none are available to her because she received notice of the foreign jurisdiction charges, was represented by counsel therein, chose to waive her right to a hearing in the foreign jurisdiction, and, pursuant to a stipulated agreement, admitted to her misconduct and agreed to the discipline imposed. In addition, the misconduct findings made by the Supreme Court of Colorado are fully supported by the record. Further, the misconduct for which respondent was disciplined in Colorado would constitute misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0), namely, rule 1.4(a)(3), rule 1.4(b), rule 1.5(a), rule 1.5(b), and rule 3.4(c).
Thus, the only issue left is the appropriate sanction to impose. As a general rule in reciprocal discipline cases, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will this Court depart from its general rule (see Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
The sanctions imposed by this Court for comparable misconduct have ranged from public censure to suspensions of varying length (see e.g. Matter of Byrne, 174 AD3d 180 [1st Dept 2019]; Matter of Alford, 166 AD3d 80 [1st Dept 2018]; Matter of Doria, 165 AD3d 33 [1st Dept 2018]; Matter of Bartley, 151 AD3d 1 [1st Dept 2017]; Matter of Houston, 139 AD3d 34 [1st Dept 2016]).
In this matter, a three-month suspension is appropriate as that is the actual period of suspension the Colorado Supreme Court required respondent to serve, with the remaining 90 days stayed by the court upon her successful completion of an 18-month period of probation with conditions. Furthermore, a three-month suspension is in general accord with this Court's relevant precedent (see Matter of Byrne, 174 AD3d 180; Matter of Alford, 166 AD3d 80; Matter of Bartley, 151 AD3d 1), and takes into account the mitigating factors cited as relevant in the approved stipulation under which the Colorado Supreme Court disciplined respondent, including no prior discipline, cooperation, and remorse.
As for respondent's request that any reciprocal discipline imposed be made retroactive to the effective date of her discipline in Colorado, i.e., January 2, 2018, we note again that respondent informed the Committee of her discipline in Colorado in December 2017, within 10 days of the court's order, and that the Committee takes no position on this request. As such, a reciprocal suspension nunc pro tunc to the date of imposition of the Colorado suspension is appropriate in this matter (Matter of Filosa, 112 AD3d 162 [1st Dept 2013]; Matter of Etkin, 102 AD3d 151 [1st Dept 2012].
Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law in the State of New York for a period of three months nunc pro tunc to the date of suspension by the Supreme Court of Colorado, and until further order of this Court.
All concur.
Order filed. [December 19, 2019]
The Committee's motion for reciprocal discipline is granted to the extent of suspending respondent from the practice of law in the State of New York for a period of three months, nunc pro tunc to the date of suspension by the Supreme Court of Colorado.