Matter of Henderson (2026 NY Slip Op 01284)

Matter of Henderson

2026 NY Slip Op 01284

Decided on March 05, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Saliann Scarpulla
Justice Presiding
Julio Rodriguez III Bahaati E. Pitt-Burke Marsha D. Michael Margaret A. Chan
Justices.
 Motion No. 2025-06427 Case No.2025-07206
 In the Matter of Craig Lee Henderson
A suspended attorney: Attorney Grievance Committee for the First Judicial Department
Petitioner
Craig Lee Henderson (OCA Atty. Reg. No. 2676302)
Respondent.

Motion No. 2025-06427|Docket No. 2025-07206|

[*1]In the Matter of Craig Lee Henderson, A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Craig Lee Henderson (OCA Atty. Reg. No. 2676302), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Craig Lee Henderson, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 14, 1995.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Raymond Vallejo, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Craig L. Henderson was admitted to the practice of law in the State of New York by the First Department on March 14, 1995, under the name Craig Lee Henderson. On April 2, 2009, respondent was suspended in New York for failure to register in violation of Judicial Law § 468-a (Matter of Attorneys in Violation of Judiciary Law § 468-a, 64 AD3d 187 [1st Dept 2009]). He has not been reinstated. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]). Respondent has not appeared in this action.
By motion dated December 1, 2025, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, finding that respondent has been disciplined in California, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in California, and disbarring him; or, in the alternative, sanctioning respondent as the Court deems just and proper under the circumstances.
As relevant here, respondent was disbarred in California in late 2022 after repeatedly defaulting in disciplinary proceedings over the course of a year. First, on or about December 15, 2021, respondent was served with a notice of disciplinary charges (NDC) by the Office of Chief Trial Counsel of the State Bar of California (OCTC). The charges were for violations of California's Business and Professions Code, namely for failing to comply with the terms of an outstanding disciplinary probation and failing to timely update his address with the State Bar. The NDC cautioned that failure to file a written answer would subject him to entry of default and inactive enrollment, and that failure to move to vacate default would result in a recommendation of disbarment without further hearing or proceeding. The NDC was sent to respondent's address in the California State Bar's membership records, although the return receipt was not returned.
Respondent failed to answer, and so on February 18, 2022, OCTC moved for entry of default. The motion warned that default would result in admission of the facts in the NDC and that failure to timely move to vacate would result in recommendation of disbarment without further hearing or proceeding. Again, respondent failed to respond, and so the California court granted the motion on March 8, 2022. Respondent did not move to vacate the default.
Three months later on June 15, 2022, OCTC petitioned for respondent's disbarment based on the default. Respondent again failed to respond. On July 28, 2022, the California State Bar's Hearing Department issued a decision and order of involuntary inactive enrollment, finding among other things that respondent had been given adequate notice and sufficient opportunity to respond throughout the disciplinary proceedings.
Finally, five months later on December 28, 2022, the Supreme Court of California ordered respondent disbarred from practicing law. Respondent did not timely report his disbarment in California as required by 22 NYCRR 1240.13(d).
The AGC now seeks reciprocal discipline against respondent. While respondent has not appeared and asserted any of the 1240.13(b) defenses to reciprocal discipline, it is nevertheless submitted that none are available to him. Respondent was properly served with the California NDC and, despite the OCTC's diligent efforts to notify him, he repeatedly failed to respond. Upon entry of default, the factual allegations were deemed admitted, precluding any claim of infirmity of proof. Moreover, the misconduct for which respondent was disciplined in California—failure to comply with the conditions of disciplinary probation and failure to maintain a current address with the disciplinary authority—would constitute professional misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4(d) and 8.4(h).
With respect to the sanction, as a general rule this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d 108, 111 [1st Dept 2021]; Matter of Tabacco, 171 AD3d 163, 165 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85 [1st Dept 2018]). Only rarely does this Court depart from the general rule (see Matter of Karambelas, 203 AD3d 75, 80-81 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]).
Disbarment is therefore warranted and consistent with this Court's precedent imposing that sanction where an attorney defaults in a disciplinary proceeding and fails to cooperate with disciplinary authorities (see Matter of Miller, 178 AD3d 1, 3, 4 [1st Dept 2019]; Matter of Sirkin, 88 AD3d 165, 169 [1st Dept 2011]; see also Matter of Houston, 139 AD3d 34, 38 [1st Dept 2016]).
Accordingly, AGC's motion should be granted, and respondent disbarred pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, effective immediately.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent, Craig Lee Henderson, is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Craig Lee Henderson, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Craig Lee Henderson, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Craig Lee Henderson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 5, 2026