[759 NYS2d 445]

In the Matter of DEYAN R. BRASHICH (Admitted as DEYAN RANKO BRASHICH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 1, 2003

## APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel. (*Thomas J. Cahill*, attorney), for petitioner.

*Deyan R. Brashich*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Deyan R. Brashich was admitted to the practice of law in the State of New York by the First Judicial Department on March 28, 1966, as Deyan Ranko Brashich. At all

times relevant to this proceeding, respondent maintained offices for the practice of law within the First Judicial Department.

By prior order dated January 25, 2002, this Court granted the motion of the Departmental Disciplinary Committee (the Committee) for an order pursuant to 22 NYCRR 603.4 (d), Judiciary Law § 90 (2) and the doctrine of collateral estoppel, finding respondent guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [conduct that adversely reflects on fitness to practice]) and DR 2-106 (a) (22 NYCRR 1200.11 [charging an illegal or excessive fee]). A hearing before a Referee was directed, solely to consider evidence in mitigation or aggravation, if any, and to recommend the appropriate sanction.

The Committee now moves, pursuant to 22 NYCRR 603.4 (d) and Judiciary Law § 90 (2), for an order disaffirming the sanction recommendation of the Hearing Panel, and imposing instead the sanction of a substantial suspension.

The underlying determination to which collateral estoppel was applied was issued by the Surrogate's Court in an estate proceeding captioned Matter of Thomas S. Callahan (Sur Ct, Suffolk County, File No. 783 P 1987). Litigation relating to the Callahan estate actually involved a series of legal proceedings in both federal court and Surrogate's Court, in which respondent represented Ljubica Callahan, widow of the deceased, in regard to her husband's estate, including two contested probate proceedings, a foreclosure action involving real property owned by the decedent, and a wrongful death action; respondent also represented Ms. Callahan in the sale of estate property.

In the context of a petition to settle the accounting of the estate, in a decision dated May 3, 2000 and a decree dated July 31, 2000, the Surrogate held that respondent's charges against the estate for attorney's fees were improper in a number of respects. Indeed, it was stipulated during respondent's testimony that his time sheets were not entirely accurate and that they included excess billings in the sum of $23,000. Additionally, as a general matter, the Surrogate held that the $250 hourly rate respondent had charged Ms. Callahan for Surrogate's Court work was unjustified given his admitted lack of experience in this area of the law, and that the fees respondent paid accountants were greatly in excess of what would be reasonable given the size and complexity of the estate.

More specifically, the Surrogate concluded that respondent improperly charged the estate $144,637.50, which was paid by

Ms. Callahan as estate administrator, for his representation of Ms. Callahan in a proceeding in which she was the proponent of a 1986 will which was rejected at trial as the product of undue influence. The Surrogate also termed excessive a fee of $8,675 charged for a mortgage closing and loan application; reduced (from $30,250 to $10,000) respondent's fee for the second, successful probate proceeding, where another attorney served as trial counsel; and completely disallowed, as excessive and unjustifiable, the $25,000 respondent had paid to tax accountants for the preparation of the estate's tax returns, noting that the estate contained only five assets, and that due to its debts and the large marital deduction, the estate could have had no tax liability.

The Hearing Panel, in recommending that the sanction be limited to reprimand or censure, emphasized that since Ms. Callahan is the sole beneficiary of the estate, the distinction between charging the estate $144,637.50 and charging that sum to Ms. Callahan individually is a somewhat semantic one. Still, he billed the estate for work not lawfully chargeable to it (see SCPA 2302 [3] [a] [2]; Matter of DiJurico, 134 Misc 2d 263 [1987]) and in doing so created the problem leading to the large judgment against him.

Moreover, as the Hearing Panel recognized, respondent's charges and payments for tax work were clearly out of line, and he admitted to excessive billing of $23,000.

The only consideration in mitigation here is that the $144,637.50 fee was not excessive, but merely charged to the wrong account. On the other hand, respondent's record of prior disciplinary actions taken against him, resulting in seven admonitions, must be considered as an aggravating factor. Weighed together, the totality of respondent's conduct warrants more than the reprimand or censure recommended by the Hearing Panel. As the Panel remarked, the 1998 censure should have caused respondent to be meticulous in charging fees against the Callahan estate; it should also have prompted him to work out a settlement with Ms. Callahan regarding the $144,637.50 incorrectly charged to the estate. He did neither of these things.

We recognize that, as the Hearing Panel pointed out, Ms. Callahan has neither sought to execute on the judgment nor advanced any complaint to the Committee about respondent's failure to pay or as to any aspect of his representation of her interests; indeed, she declined to appear at the hearing before the Referee. Nevertheless, as an attorney, respondent has

taken far too casual an attitude toward the judgment against him arising out of the estate accounting.

As the Committee proposes, under the circumstances, the appropriate sanction is a suspension. We impose a one-year suspension, with his reinstatement contingent on either satisfaction of the judgment or a written settlement agreement with Ms. Callahan regarding satisfaction of the judgment.

The Committee's motion should be granted to the foregoing extent, and respondent's cross motion denied.

NARDELLI, J.P., TOM, SAXE, FRIEDMAN and GONZALEZ, JJ., concur.

Petition granted to the extent of suspending respondent from the practice of law in the State of New York for a period of one year, effective May 1, 2003, as indicated.