Matter of Ziankovich (2020 NY Slip Op 00369)





Matter of Ziankovich


2020 NY Slip Op 00369


Decided on January 16, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Judith J. Gische,Justice Presiding,
Angela M. Mazzarelli
Troy K. Webber
Cynthia S. Kern
Peter H. Moulton,Justices.


M-3666 M-7531

[*1]In the Matter of Youras Ziankovich, (admitted as Youry Ziankovich), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Youras Ziankovich, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Youras Ziankovich, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 26, 2014.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Denise M. Szekely, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Youras Ziankovich was admitted to the practice of law in the State of New York by the Second Judicial Department on February 26, 2014, under the name Youry Ziankovich. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department. This Court retains continuing jurisdiction pursuant to the Rules for Attorney Disciplinary Matters 22 (NYCRR) § 1240.7(a)(2).
The Attorney Grievance Committee (Committee) seeks an order, pursuant to the Rules of Professional Misconduct (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, finding that the conduct underlying respondent's discipline in Colorado would constitute misconduct in New York; directing him to demonstrate why reciprocal discipline should not be imposed for the underlying misconduct; and/or suspending him for one year, or, in the alternative, imposing such sanction as this Court deems appropriate based on his discipline in Colorado. Respondent, pro se, opposes, asserts defenses to reciprocal discipline, and moves to strike the Committee's reply.
In 2017, the Colorado Office of Attorney Regulation Counsel (OARC) filed a complaint charging respondent with seven disciplinary violations. While respondent is not admitted in Colorado, under Colorado Rules of Professional Conduct (RPC) 8.5(a), the Colorado Supreme Court has disciplinary jurisdiction over him based on his practice of immigration law within that state.
The Presiding Disciplinary Judge (PDJ) of the Colorado Supreme Court granted the OARC partial summary judgment sustaining six of the alleged violations, and directed a hearing be held before a three-member Hearing Board (which included the PDJ) for a determination as to liability on the remaining charge and sanction. Respondent appeared pro se and testified at the hearing.
The factual and judicial findings in this matter are as follows. On June 30, 2016, Hennadiy Zhakyavichyus and Iuliia Vyshniavska retained respondent to apply for adjustments of their respective immigration statuses, for which they paid him the full agreed upon fee of $6,000 to handle both matters, but they discharged him on August 4 and August 9, 2016, respectively, because both of them were dissatisfied with the pace at which their matters were being handled. At the time of his August 9 termination, respondent told Zhakyavichyus that he had filed his citizenship application on August 4, however, records showed that the earliest date it could have been filed was August 9. Further, respondent, who did not keep contemporaneous time records for his work, billed the couple a total of over $5,000 for their joint, initial two-hour meeting with him. He claimed that the fee was justified under the terms of their retainer agreements.
The PDJ granted the OARC partial summary judgment finding that the fees respondent charged violated Colorado RPC 1.5(a) (a lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses); he failed to deposit $5,000 of the advance fee paid to him by Zhakyavichyus into an attorney trust account in violation of Colorado RPC 1.5(f) (advances of unearned fees are the property of the client and shall be deposited in the lawyer's trust account) and Colorado RPC 1.15(a) (a lawyer shall hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from the lawyer's own property); by including a nonrefundable "case evaluation fee" of $1,000 in his retainer agreements he violated Colorado RPC 1.5(g) (nonrefundable fees and nonrefundable retainers are prohibited [and] any agreement that purports to restrict a client's right to terminate the representation, or that unreasonably restricts a client's right to obtain a refund of unearned or unreasonable fees, is prohibited); upon termination of his services by the clients, he failed to promptly return unearned fees and thereby failed to take steps reasonably practicable to protect the clients' interests in violation of Col. RPC 1.16(d); and by misrepresenting the filing date of Zhakyavichyus's application he engaged in dishonest conduct in violation of Colorado RPC 8.4(c).
However, the Hearing Board did not sustain the charge alleging that respondent violated Colorado RPC 1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), finding that the [*2]OARC had not met its burden of proof with respect to such.
The Hearing Board did not find that "the substance of Respondent's representation caused particular harm to his clients" but, nevertheless, found that "he caused both actual and potential injury [to them] in relation to his improper charging of fees and his dishonesty" (People v Ziankovich, 433 P3d 640, 653 [Colo. O.P.D.J. 2018]). In particular, Zhakyavichyus was harmed when respondent failed to tell him the truth about the mailing date of his application; Vyshniavska "saw little benefit from the fees she paid [him]" and was disheartened about lawyers based on the experience; and her case took longer to resolve as a result of respondent's misconduct (id.). Also, it concluded that he caused both clients potential harm by not placing their fees in trust, and his misconduct harmed the public and legal profession by diminishing the public's trust in lawyers (id.).
The Board found further that respondent acted recklessly with regard to his dishonesty toward Zhakyavichyus but knowingly engaged in his fee related misconduct, therefore, under sections 4.12, 4.62, and 7.2 of the ABA Standards for Imposing Lawyer Sanctions (ABA Standards), suspension was the presumptive sanction. Additionally, the Board majority found there were aggravating factors, namely, dishonest or selfish motive, multiple offenses, bad faith obstruction of disciplinary proceeding, refusal to acknowledge wrongful nature of conduct, vulnerability of victim, and indifference to making restitution. Nevertheless, the majority found that four of the aforementioned factors were entitled to relatively little weight (ABA Standards § 9.22).
While, the majority found mitigation, based upon respondent's lack of any prior discipline and his inexperience in the practice of law, it gave relatively little weight to his unblemished disciplinary history as he had only been a licensed attorney for two years at the time of his misconduct (ABA Standards § 9.32).
Based on the presumptive sanction of suspension, the analysis of the aggravation, mitigation, and pertinent case law, as well as its "collective sense of fairness and proportionality," the majority ultimately concluded that respondent should be suspended for one year and one day, with three months to be actually served and the remaining period stayed upon completion of probation (Ziankovich, 433 P3d at 656).
The Hearing Board also directed respondent to, among other things, promptly make restitution to Vyshniavska and Zhakyavichyus ($1,500 and $1,000, respectively) and barred him from seeking reinstatement to practice law in Colorado until he did so.[FN1]
In dissent, the PDJ disagreed as to the length of suspension, believing respondent should serve nine months of his suspension, but agreed with the majority that the remainder of the one year and one day suspension should be stayed upon completion of a two-year probation period and that the conditions as set forth in the opinion should be imposed.
In July 2018, the Hearing Board stayed respondent's suspension pending his appeal to the Colorado Supreme Court, but on October 10, 2018, the PDJ revoked the stay based on respondent's failure to comply with the practice monitoring condition. Thus, by order dated October 31, 2018, the PDJ directed respondent's immediate suspension in accordance with the Hearing Board's June 30, 2018 opinion. By order dated February 1, 2019, the Colorado Supreme Court denied respondent's appeal and affirmed the Hearing Board's decision in full. In or about April 2019, respondent filed a writ of certiorari with the U.S. Supreme Court (see Ziankovich v Colordao, __ US __, 140 S Ct 133 [2019]), which was denied.
By order dated March 21, 2019, the Board of Immigration Appeals (BIA) immediately suspended respondent from practice before the Board, the Immigration Courts, and the U.S. Department of Homeland Security based on his discipline in Colorado.
As stated above the Committee requests that, pursuant to 22 NYCRR 1240.13(a) and (b), this Court find respondent has been disciplined by a foreign jurisdiction and order him to demonstrate why reciprocal discipline should not be imposed for the underlying misconduct; and/or suspending him for one year, or, in the alternative, imposing such sanction as this Court deems appropriate based on his discipline in Colorado.
The only defenses to reciprocal discipline are enumerated at 22 NYCRR 1240.13(b), to wit: a lack of notice and opportunity to be heard in the foreign jurisdiction; an infirmity of proof establishing the misconduct; or the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (Matter of Hoffman, 34 AD3d 1 [1st Dept 2006]).
Respondent argues that the defenses under 22 NYCRR 1240.13(b)(1) and (3) apply herein and the imposition of reciprocal discipline would be unjust under 22 NYCRR 1240.13(c). As to his asserted due process defense under 22 NYCRR 1240.13(b)(1), respondent argues that he is not subject to the Colorado Supreme Court's disciplinary jurisdiction as he is not a member of the Colorado Bar. As to Colorado RPC 8.5(a), under which Colorado disciplinary authorities asserted jurisdiction over him based on his practice of immigration law within that state, he argues that it is only a "general rule" and is thereby trumped by Colorado Rules of Civil Procedure 251.1(b) which provides that attorneys licensed to practice in Colorado are subject to the disciplinary jurisdiction of the Colorado Supreme Court. Additionally, he argues that the Colorado Supreme Court's imposition of discipline in an immigration matter violates federal law and the United State's Supreme Court's holding in Sperry v Florida (373 US 379 [1963]).
Respondent argues that, contrary to the Committee's position, his conduct in Colorado would not violate the Rules of Professional Conduct 22 NYCRR § 1200 rule 1.5(d) because under the terms of his retainer agreements both clients agreed to pay him, inter alia, a $1,000 case evaluation fee in the amount of $1,000 if he were discharged; his conduct would not violate (22 NYCRR § 1200) rule 1.5(a) because under New York case law he was entitled to charge and keep this "minimum fee" as the clients did not expressly indicate they were discharging him for cause (see Joel R. Brandes, P.C. v Zingmond, 151 Misc 2d 671 [Sup Ct, Nassau County 1991]); his fees were neither unreasonable nor excessive as he did a substantial amount of work for both clients (which included filing Zhakyavichyus's application); based on our case law his fees did not rise to a level for which discipline is warranted (see e.g. Matter of Doria, 165 AD3d 33 [1st Dept 2018]), therefore, his fees were not excessive in violation of rule 1.5(a); and, as his fees were not excessive, he did not fail to refund unearned monies and did not fail to take reasonable steps to avoid foreseeable prejudice to his clients after they discharged him in violation of rule 1.16(e).
Contrary to respondent's arguments, none of the defenses to reciprocal discipline apply herein. Respondent received notice of the charges against him and vigorously defended himself at the trial (disciplinary hearing) and appellate levels which, as noted, included a federal lawsuit against the OARC. In addition, the record amply supports the Colorado Supreme Court's misconduct findings. Further, respondent's misconduct in Colorado would constitute misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR § 1200) rules 1.5(a), 1.5(d), 1.16(e), and 8.4(c). Respondent has also not demonstrated that it would be unjust under 22 NYCRR 1240.13(c) for this Court to impose reciprocal discipline, nor do his arguments in support of his motion to strike the Committee's reply papers have any merit.
As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances will this Court depart from its general rule (see Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
As noted, the Colorado Hearing Board majority imposed a suspension of one year and one day, with three months to be served (subject to his successful completion of a two-year [*3]probationary period and certain conditions imposed), while the PDJ would have imposed an actual nine-month suspension with the remainder of the one year and one day stayed. While a one-year suspension would not be out of line with our precedent (see Matter of Novins, 119 AD3d 37 [1st Dept 2014]; Matter of Chang, 57 AD3d 151 [1st Dept 2008]; Matter of Brashich, 304 AD2d 207 [1st Dept 2003]), as noted, all but three months of respondent's suspension in Colorado was stayed with the Hearing Board majority having opined that "a served suspension of longer than three months would be unduly harsh" (Ziankovich, 433 P3d at 655). However, "the policy of this Court is not to stay suspensions" (Matter of Hagendorf, 17 AD3d 25, 28 [1st Dept 2008]; see also Matter of Jarblum, 51 AD3d 68 [1st Dept 2008]).
Accordingly, the Committee's motion for reciprocal discipline, pursuant to 22 NYCRR 1240.13 is granted to the extent of suspending respondent from the practice of law for a period of six months, and until further order of this Court. Respondent's motion to strike the Committee's reply papers is denied.
All concur.
Order filed. [January 16, 2020]
The Attorney Grievance Committee's motion for reciprocal discipline pursuant to NYCRR 1240.13 (M-3666) is granted to the extent of suspending respondent from the practice of law in the State of New York for a period of six months, effective February 18, 2020, and until further order of this Court. Respondent's motion to strike the Committee's reply papers is denied (M-7531).



Footnotes

Footnote 1:The Committee advises that, to date, respondent has not made restitution to his former clients.