Matter of Ziankovich (2021 NY Slip Op 00024)





Matter of Ziankovich


2021 NY Slip Op 00024


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,J.P.,
Troy K. Webber
Angela M. Mazzarelli
Cynthia S. Kern
Peter H. Moulton, JJ.


Motion No. 2020-02793, 2020-03273 Case No. 2019-00253 

[*1]In the Matter of Youras Ziankovich, (Admitted as Youry Ziankovich), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Youras Ziankovich (OCA Atty Reg No. 5196324), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 26, 2014.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Denice M. Szekely, of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Respondent Youras Ziankovich was admitted to the practice of law in the State of New York by the Second Judicial Department on February 26, 2014, under the name Youry Ziankovich. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department.
By order entered January 16, 2020, this Court, inter alia, granted the Attorney Grievance Committee's (the Committee) reciprocal discipline motion, finding that the conduct underlying respondent's 2018 discipline in Colorado would constitute misconduct in New York and suspended him for a period of six months effective February 18, 2020 and until further order of the Court (180 AD3d 140 [1st Dept 2020]). On March 12, 2020, this Court denied respondent's motion for reargument, modification, a stay and other relief.
On or about July 25, 2020, respondent filed a motion for reinstatement to the practice of law in New York pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16(d). As relevant, respondent states that since this Court's order of suspension entered January 16, 2020 (effective February 18, 2020), he has not been the subject of professional discipline in any court or jurisdiction; he has not been arrested, charged or indicted of any felonies, misdemeanors or traffic violations; he has fully complied with the order of suspension and filed an affidavit of compliance on July 24, 2020; and from January 16 to March 30, 2020, he was employed as a tax preparer but since then has been unemployed.
The Committee cross-moves seeking an order: 1) denying respondent's application for reinstatement, and 2) disciplining respondent, pursuant to 22 NYCRR 1240.13 and the doctrine of reciprocal discipline, predicated upon recent discipline imposed by the Supreme Court of Colorado, and directing him to demonstrate why discipline should not be imposed for the underlying misconduct, or, in the alternative, suspending respondent for 30 months, or otherwise sanctioning him as this Court deems appropriate.
While respondent is not admitted to the Bar of the state of Colorado, under the Colorado Rules of Professional Conduct 8.5(a), the Colorado Supreme Court has disciplinary jurisdiction over him based on his practice of immigration law within that state.
By order dated June 20, 2018 (nunc pro tunc to May 31, 2018), the Supreme Court of Colorado suspended respondent from the practice of law in Colorado for a period of one year and one day, with three months to be served. As discussed below, this was based on, inter alia, charging an excessive fee and improperly treating advance fees as nonrefundable while representing a couple in an immigration matter, and misrepresenting to the client the date he mailed his immigration application (People v Ziankovich, 433 P3d 640 [Colo OPDJ 2018]). Respondent's defenses, including [*2]a challenge to Colorado's jurisdiction over him as an out-of-state attorney with a practice limited to federal court, were rejected.[FN1]
While respondent's suspension was ultimately stayed pending his appeal to the Colorado Supreme Court, the stay was vacated and respondent's suspension ultimately took effect on October 31, 2018. On February 1, 2019, the Colorado Supreme Court affirmed the order of suspension (see Ziankovich v Members of the Colo. Supreme Ct., 2020 US Dist LEXIS 140520 *5-*6 [2020]), and on October 7, 2019, the U.S. Supreme Court denied certiorari (Ziankovich v Colorado, _ US _, 140 S Ct 133 [2019]). Thereafter, with respect to a separate client matter, respondent was found guilty of professional misconduct and ordered suspended from practicing law in Colorado for a period of 30 months (see People v Ziankovich, 474 P3d 253 [Colo OPDJ 2020]). The order took effect on September 9, 2020.
Respondent was disciplined based upon having been found to have violated Colorado Rules of Professional Conduct (CRPC) 1.3 (a lawyer shall act with reasonable diligence and promptness when representing a client); 1.4(a)(5) (a lawyer shall consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the rules); 1.4(b) (a lawyer shall explain a matter so as to permit the client to make informed decisions regarding the representation); 1.5(a) (a lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses); 1.5(g) (a lawyer shall not charge nonrefundable fees or retainers); and 3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal).
It was determined that, inter alia, respondent caused his clients actual harm by failing to diligently pursue their immigration matter, causing unnecessary delay, and bringing a retaliatory and frivolous lawsuit against them. Specifically, the determination was that respondent,
"transgressed six Colorado Rules of Professional Conduct while representing a husband and wife in their immigration matter. He failed to provide his clients with diligent representation, to advise his clients that he was suspended from the practice of law in Colorado, to keep his clients informed about their case, and to respond to their reasonable requests for information. Further, he was unavailable to fulfill the terms of his engagement agreement, and he treated his retainer fee as nonrefundable by refusing to return any portion of the advance retainer when the representation ended. Finally, Respondent knowingly disobeyed an obligation under the rules of a tribunal and a prior disciplinary order by failing to notify his clients in writing by certified mail of his suspension and his consequent inability to act as their lawyer after his suspension took effect. Through these actions, his clients were actually and potentially harmed" (People v Ziankovich, 474 P3d at [*3]262).
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (Matter of Martir, 180 AD3d 67 [1st Dept 2019]).
Respondent argues that the defenses under 1240.13(b)(1) and (3) apply herein, and claims, among other things, that the Colorado "administrative agency"/Presiding Disciplinary Judge was biased against him due to personal motives and gave him no opportunity to be heard.
Contrary to respondent's position, none of the defenses to reciprocal discipline set forth in 1240.13(b) apply herein and, therefore reciprocal discipline is warranted based on the findings of the Supreme Court of Colorado. Despite receiving proper notice of the charges and having an opportunity to be heard at the sanctions hearing, respondent decided not to participate. Nor was there an infirmity of proof establishing his misconduct where the Colorado proceedings relied on documentary evidence and witness testimony in addition to respondent's default. Further, respondent's misconduct in Colorado would constitute misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3(a), 1.4(a)(5), 1.4(b), 1.5(a), and 1.5(d)(4).
Although New York does not have an identical rule to Colorado's RPC 3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists), the Committee contends that the conduct that formed the basis for this charge, respondent's failure to notify his client of the suspension order and his inability to act as an attorney after the effective date of his suspension, as required by the suspension order, would violate New York rule 8.4(d) (conduct prejudicial to the administration of justice). Furthermore, the Committee contends that respondent's statements to his client about the reason for his requesting to adjourn the second USCIS interview could be viewed as "intentionally misleading by omission" since they were made after he knew he was suspended from the practice of law in Colorado and, therefore, we could find a violation of rule 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), even though he was not found to have violated a similar rule in Colorado.
As a general rule, in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]). Only in rare instances [*4]will this Court depart from its general rule (see Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
The sanctions imposed by this Court for comparable misconduct have ranged from public censure to suspensions of varying lengths (see e.g. Matter of Houston, 139 AD3d 34 [1st Dept 2016]; Matter of Brashich, 304 AD2d 207 [1st Dept 2003]; Matter of Anschell, 286 AD2d 173 [1st Dept 2001]).
Accordingly, the Committee's cross motion for reciprocal discipline, pursuant to 22 NYCRR 1240.13 is granted to the extent of suspending respondent from the practice of law for a period of 30 months, effective the date of this order, and until further order of this Court. Respondent's motion for reinstatement is denied.
All concur.
It is Ordered that the Committee's cross motion for reciprocal discipline, pursuant to 22 NYCRR 1240.13, is granted and respondent is suspended from the practice of law for a period of thirty (30) months, effective the date hereof, and until further order of this Court, and
It is further ordered that for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this state; and
It is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] §?1240.15), and,
It is further Ordered that respondent's motion for reinstatement is denied.
Entered. [January 5, 2021]



Footnotes

Footnote 1: Respondent continued to attack the legitimacy of the disciplinary proceeding in federal court by repeatedly arguing, unsuccessfully, that the Colorado disciplinary authorities had no jurisdiction over him because he has never been licensed to practice law in Colorado and does not practice before Colorado state courts or agencies, rather, he practices in federal courts/agencies (immigration) in Colorado.