Matter of Elwell (2023 NY Slip Op 01648)

Matter of Elwell

2023 NY Slip Op 01648

Decided on March 28, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Barbara R. Kapnick,J.P.,
Cynthia S. Kern
Anil C. Singh
Saliann Scarpulla
John R. Higgitt, JJ.

Motion No. 2023-00476 Case No. 2023-00562 

[*1]In the Matter of Tara Elwell, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Tara Elwell (OCA ATTY. REG. NO. 4615092), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 1, 2008.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Tara Elwell was admitted to the practice of law in the State of New York by the First Judicial Department on July 1, 2008. As the admitting Judicial Department, this Court retains continuing jurisdiction over the out-of-state respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
By order dated April 20, 2022, the Supreme Court of Louisiana suspended respondent from the practice of law for 18 months, with 12 months deferred, for charging an excessive fee in a trust matter and failing to meet obligations upon termination of representation. Respondent has been reinstated in Louisiana.
Respondent was retained by the sole beneficiary of a special needs trust to assist in the appointment of a new trustee. The existing trustee agreed to resign and the motion for appointment of a relative, submitted without the need for an in-court appearance, was granted. Respondent received payment in excess of $100,000.00 from the beneficiary. The beneficiary thereafter filed a complaint with the Louisiana Attorney Disciplinary Board's Office of Disciplinary Counsel (ODC) asserting that respondent failed to provide an accounting for the funds, failed to complete agreed-upon tasks, and failed to respond to correspondence terminating her services and requesting return of the file. Respondent thereafter stipulated to the above charges, aggravated by dishonest or selfish motive (including possible concealment of evidence requested by the ODC) but mitigated by the absence of prior discipline and her willingness to submit to fee dispute resolution and to refund any portion of the fee found to be unreasonable.
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR § 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing her to demonstrate to this Court why discipline should not be imposed for the misconduct underlying her discipline in Louisiana, and suspending respondent for six months based on her discipline by the Supreme Court of Louisiana, or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent has not answered the motion.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b), respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this State. None of the enumerated defenses to reciprocal discipline applies herein because respondent received adequate due process in the Louisiana proceeding in that she received notice of the charges against her and, represented by [*2]counsel, entered into a joint petition for consent discipline admitting some of the charges; the misconduct findings are fully supported by the record; and respondent's misconduct in Louisiana would also constitute misconduct if committed in New York (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.5[a]; 1.16[e]).
As to the appropriate sanction, "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and only in rare instances will this Court depart from its general rule (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; Matter of Lowell, 14 AD3d 41 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005]), lv denied 5 NY3d 708 [2005]).
A six-month suspension, as requested by the AGC, is the appropriate sanction because it is commensurate with the discipline imposed in Louisiana and is in general accord with precedent involving arguably comparable misconduct (see Matter of Ziankovich, 180 AD3d 140 [1st Dept 2020]; Matter of Kreis, 180 AD3d 5 [1st Dept 2019]; Matter of Dranov, 14 AD3d 156 [1st Dept 2004]).
Accordingly, the AGC's motion should be granted with reciprocal discipline imposed, and respondent suspended from the practice of law in the State of New York for a period of six months, and until further order of this Court.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of Louisiana, is granted, and respondent Tara Elwell is suspended from the practice of law in the State of New York for a period of six months, effective April 27, 2023, and until further order of this Court, and
IT IS FURTHER ORDERED that during the period of suspension and until further order of this Court, respondent is commanded to desist and refrain from (1) engaging in the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding herself out in any way as an attorney and counselor-at-law; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board or commission or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent Tara Elwell is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and,
IT IS FURTHER ORDERED that if respondent Tara Elwell has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 28, 2023